| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| ÁNGELO LEÓN YOUBERT<br>**Recurrente**<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>**Recurrido**<br><br><br>CENTRO DE BELLAS ARTES Y ARTESANIA<br>**Parte con interés** | TA2026RA00098 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Programa de Reinserción Comunitaria (REDES)<br><br>Querella Núm. CUCB-112-25 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2026.

El recurrente, Ángelo León Youbert, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la *Resolución* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación el 15 de diciembre de 2025. Mediante la misma, el referido organismo le informó al recurrente que su caso se encontraba en la fase final para recibir una determinación por parte del Secretario del Departamento de Corrección y Rehabilitación. Ello, respecto a la solicitud del recurrente de formar parte del Programa de Pre-Reinserción a la Libre Comunidad, Recogido de Desperdicios Sólidos (en adelante, Programa REDES).

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida.

I

El señor León Youbert se encuentra confinado en el Instituto de Bellas Artes y Estudios Universitarios 308 del Complejo Correccional de Bayamón.

Según surge del expediente ante nuestra consideración, el 10 de octubre de 2023, el recurrente compareció ante el Comité de Clasificación y Tratamiento de la Institución donde se encuentra ubicado, con el propósito de ser referido al Programa REDES. Así las cosas, el 14 de noviembre de 2024, el Programa de Pre-Reinserción evaluó el caso del recurrente y determinó posponerlo, por requerirse una evaluación adicional conforme a los Artículos 17, 18 y 19 del Plan de Reorganización Núm. 2 de 2011, 3 LPRA, Ap. XVIII, Arts. 17, 18 y 19, relativos a los derechos de las víctimas de delito.

Posteriormente, el 10 de noviembre de 2025, el recurrente presentó una *Solicitud de Remedio Administrativo*, mediante la cual requirió información en torno al trámite de su referido al Programa REDES.

En respuesta, el 15 de diciembre de 2025, la Supervisora de la Unidad Sociopenal del Instituto de Bellas Artes y Estudios Universitarios 308 del Complejo Correccional de Bayamón, Nitza Lozada Molina, le informó al recurrente que su caso se encontraba en la fase final para recibir una determinación por parte del Secretario del Departamento de Corrección y Rehabilitación.

Inconforme, el 22 de diciembre de 2025, el recurrente presentó una *Solicitud de Reconsideración*, mediante la cual expresó que la respuesta emitida no atendía su reclamo y solicitó una determinación definitiva respecto a su traslado.

Así las cosas, luego de acoger la petición de consideración, el 18 de febrero de 2026, la División de Remedios Administrativos del

Departamento de Corrección y Rehabilitación emitió una *Resolución*. Mediante esta, confirmó y reafirmó la respuesta previamente ofrecida al recurrente. En esencia, concluyó que la contestación brindada atendió la información solicitada sobre el trámite de su referido, al notificársele que este se encontraba en la fase final de evaluación ante la Oficina del Secretario del Departamento de Corrección y Rehabilitación. A su vez, explicó que no existía un término establecido para que el Secretario emitiera una determinación sobre los casos sometidos a su consideración.

Inconforme aun, el 9 de marzo de 2026, el recurrente acudió ante nos mediante el presente recurso de revisión judicial. En el mismo hace el siguiente señalamiento:

> Erró la División de Remedios Administrativos al simplemente informar la respuesta emitida por el área sociopenal y no atender el asunto de la marcada dilación del proceso, en violación a las disposiciones de responder en tiempo razonable.

El 8 de abril de 2026, el Departamento de Corrección y Rehabilitación presentó su oposición al recurso. Luego de examinar el expediente de *autos*, estamos en posición de disponer del asunto que nos ocupa.

## II

### A

En virtud de la autoridad conferida al Administrador de Corrección por el Plan de Reorganización del Departamento de Corrección y Rehabilitación Núm. 2 de 21 de noviembre de 2011, 3 LPRA Ap. XVII, según enmendado, se adoptó el Reglamento para Atender Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 del 4 de mayo de 2015.

El objetivo principal del Reglamento Núm. 8583, *supra,* es que toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal, y para evitar o reducir la radicación de pleitos en los tribunales de justicia. La solicitud de remedio se define como un recurso que presenta un miembro de la población correccional por escrito, de una situación que afecte su calidad de vida y seguridad, relacionado a su confinamiento. Regla IV (24) del Reglamento Núm. 8583, *supra.* La División de Remedios Administrativos del Departamento de Corrección y Rehabilitación tendrá jurisdicción, entre otras cosas, para atender toda solicitud de remedio radicada por los miembros de la población correccional relacionada directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o plan institucional. Regla VI (1) del Reglamento Núm. 8583, *supra.* La División de Remedios Administrativos deberá realizar las gestiones necesarias para lograr que el planteamiento del miembro de la población correccional sea resuelto. Regla V (1) (c) del Reglamento Núm. 8583, *supra.*

B

Es norma firmemente establecida en el estado de derecho vigente, que los tribunales apelativos están llamados a abstenerse de intervenir con las decisiones emitidas por las agencias administrativas, todo en deferencia a la vasta experiencia y conocimiento especializado que les han sido encomendados. *Jusino Rodríguez v. Junta de Retiro,* 2024 TSPR 138, 215 DPR ___ (2024); *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473, 484 (2024); *Voilí Voilá Corp.,* et al. v. Mun. Guaynabo, 213 DPR 743, 754

(2024); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En este contexto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, establece el alcance de la revisión judicial respecto a las determinaciones administrativas. A tal efecto, la referida disposición legal expresa como sigue:

> El Tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.
>
> Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.
>
> Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.
>
> 3 LPRA sec. 9675.

Al momento de revisar una decisión agencial, los tribunales deben ceñirse a evaluar la razonabilidad de la actuación del organismo. *Rolón Martínez v. Supte. Policía,* supra, pág. 35. Por ello, los tribunales no deben intervenir o alterar las determinaciones de hechos que emita, siempre que estén sostenidas por evidencia sustancial que surja de la totalidad del expediente administrativo. *Vázquez v. Consejo de* Titulares, 2025 TSPR 56, 215 DPR ___ (2025); *Otero v. Toyota,* 163 DPR 716, 727-728 (2005); *Pacheco v. Estancias,* 160 DPR 409, 431-432 (2003). Nuestro Tribunal Supremo ha definido el referido concepto como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Supte. Policía,* supra, pág 36; *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 437 (1997). Por tanto, compete a la parte que impugne la legitimidad de lo resuelto por un organismo administrativo, identificar prueba suficiente para derrotar la presunción de corrección y regularidad

que les asiste. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 128 (2019).

A tenor con esta norma, los foros judiciales limitan su intervención a evaluar si la decisión de la agencia es razonable y no si hizo una determinación correcta de los hechos ante su consideración. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* supra, pág. 437. En caso de que exista más de una interpretación razonable de los hechos, el tribunal debe sostener lo concluido por la agencia, evitando sustituir el criterio del organismo por sus propias apreciaciones. *Pacheco v. Estancias,* supra, pág. 432. Ahora bien, esta regla basada en deferencia no es absoluta. La misma cede cuando está presente alguna de las siguientes instancias: (1) cuando la decisión no está fundamentada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la apreciación de la ley, y; (3) cuando ha mediado una actuación irrazonable, o ilegal. *Jusino Rodríguez v. Junta de Retiro,* supra; *Otero Rivera v. USAA Fed. Savs. Bank,* supra, págs. 484-485; *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra, pág. 754; *Costa Azul v. Comisión,* 170 DPR 847, 852 (2007).

Por su parte, nuestro máximo Foro ha expresado que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales". *Vázquez v. Consejo de Titulares,* supra. Por tanto, al revisar las conclusiones de derecho que hace una agencia, nuestro Tribunal Supremo ha enfatizado que estas serán revisables en todos sus aspectos. *Íd.* Por lo cual, a pesar de que la interpretación de una agencia merece un grado de respeto, dicho cortesía no equivale a que los foros apelativos opten por renunciar a su función revisora. *Íd.*

III

En su recurso, el recurrente sostiene que incidió la División de Remedios Administrativos al no atender adecuadamente su reclamo sobre la alegada dilación en el trámite de su referido al Programa REDES y limitarse a informar que su caso se encontraba en la fase final de evaluación ante la Oficina del Secretario del Departamento de Corrección y Rehabilitación. Habiendo examinado sus argumentos, no podemos sino sostener el pronunciamiento administrativo en controversia.

Según esbozáramos previamente, la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación fue concebida como el organismo administrativo de primera instancia encargado de atender las reclamaciones presentadas por los miembros de la población correccional. Su propósito medular consiste en proveer un mecanismo interno para canalizar y resolver los planteamientos relacionados con condiciones de confinamiento, seguridad, bienestar físico o mental y demás asuntos vinculados al plan institucional, a fin de atender oportunamente tales reclamos y reducir la necesidad de litigios judiciales. Asimismo, el Reglamento Núm. 8583, *supra*, le impone el deber de realizar las gestiones necesarias para procurar la solución del planteamiento sometido por la persona confinada.

En el caso ante nuestra consideración, surge del expediente administrativo que la reclamación presentada por el recurrente estuvo dirigida a conocer el estado del trámite relacionado con su referido al Programa REDES. En respuesta a ello, se le informó que su caso se encontraba en la fase final para recibir una determinación del Secretario del Departamento de Corrección y Rehabilitación. De ese modo, contrario a lo planteado por el

recurrente, la agencia realizó las gestiones necesarias para procurar obtener respuesta al planteamiento sometido ante su consideración.

Así pues, en ausencia de prueba que demuestre arbitrariedad, capricho o incumplimiento con un deber ministerial exigible, no procede nuestra intervención con la determinación recurrida. Corresponde, por tanto, confirmar la *Resolución* impugnada.

IV

Por los fundamentos que anteceden, se *confirma* la *Resolución* administrativa recurrida.

Lo acordó y manda el Tribunal, y o certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones